# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PATRICK J. PRIBULA, ROBERT MICHELETTI, and JAMES G. ZARRA, | CIVIL ACTION NO. 3:06-CV-2039 |
| Plaintiffs, | |
| v. | (JUDGE CAPUTO) |
| WYOMING AREA SCHOOL DISTRICT, et al., | |
| Defendants. | |

## MEMORANDUM

Presently before the Court is Defendants Wyoming Area School District (the "School District"), Raymond Bernardi, Anthony Sobeski, Antoinette Valenti, John Lanunziata, Nick DeAngelo, John Bolin, Jerry Wall and John Marianacci's (the "Individual Defendants") (collectively, the "Defendants") Motion to Dismiss the Complaint (Doc. 1) of Plaintiffs Patrick J. Pribula, Robert Micheletti and James G. Zarra pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 7.)  For the reasons set forth below, the Court will grant this motion as to all of Plaintiffs' claims except Plaintiffs' First Amendment retaliation claim brought pursuant to 42 U.S.C. § 1983.  This claim may be maintained against the School District and the Individual Defendants.  Plaintiffs may seek punitive damages against the Individual Defendants in their individual capacities.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1367.

## BACKGROUND

On October 17, 2006, Plaintiffs filed the instant 42 U.S.C. § 1983 action in this Court.  Their Complaint (Doc. 1) is not well organized and is unclear.  It contains vague

and conclusory statements.  No counts are set forth.  As such, it is difficult to pinpoint exactly what claims Plaintiffs attempt to state.  However, from a careful reading of the Complaint, it appears that Plaintiffs allege as follows.

Plaintiffs are or were employees of the School District. (*Id.* ¶ 10.)  Plaintiffs have been victims of retaliatory actions by the Individual Defendants, board members of the School District, because they did not support the Individual Defendants in their campaigns to become board members, but, rather, took a public stance against the Individual Defendants' candidacies. (*Id.* ¶¶ 1, 13 and 14.)  Plaintiffs have been viciously attacked by Defendants in the press, at public activities, and in their employment. (*Id.* ¶ 1.)  Plaintiffs were given harmful, misleading and inaccurate employment reviews, their schedules were altered, and they were given demeaning duty assignments. (*Id.* ¶¶ 13 and 16.)

Plaintiff Pribula, years ago, successfully sued the School District and, since that time, has suffered retaliation as a consequence of that lawsuit. (*Id*. ¶ 1.)

Plaintiff Zarra was forced "to suffer a constructive discharge." (*Id.* ¶ 13.)  For example, Plaintiff Zarra "was ordered . . . to work on Christmas Eve and New Year's Eve, even though the entire rest of the school district staff was off, all just to be hateful and show the plaintiffs that defendants intended to retaliate through even the most superficial and petty means." (*Id.* ¶ 17.)

Plaintiff Micheletti's contract terms were altered so as to intentionally deprive him "of contractual entitlements in excess of $88,000." (*Id*.)  It appears that Plaintiffs Pribula and Zarra also allege that their contracts were interfered with by Defendants. (*See id.* ¶

13.) Plaintiff Micheletti was also not allowed to return to work. (*Id.*)

All of these actions were part of an unlawful conspiracy perpetrated by Defendants so as to deprive Plaintiffs of their rights. (*Id.* ¶ 9.)  These actions were also part of an unlawful custom, practice, usage and policy of retaliation promulgated by the School District. (*Id.* ¶ 13.)

As mentioned above, Plaintiffs do not set forth any counts in their Complaint. However, it appears that Plaintiffs attempt to state the following claims: (1) First Amendment retaliation; (2) violation of their Fourteenth Amendment right to equal protection of law; (3) section 1985 conspiracy; (4) section 1983 municipal liability based upon a policy, custom or practice; and (5) state law claims for defamation, intentional infliction of emotional distress, civil conspiracy and intentional interference with contractual relations.  Plaintiffs also seek punitive damages.

On February 12, 2007, Defendants filed a Motion to Dismiss Plaintiffs' Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 7.)  Defendants filed a brief in support of their motion. (Doc. 8.)  Plaintiffs filed a brief in opposition on April 4, 2007. (Doc. 11.)  As such, Defendants' motion is fully briefed and is now ripe for disposition.

## LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted.  Dismissal is appropriate only if, accepting all factual allegations in the complaint as true and "drawing all reasonable inferences in the plaintiff's favor, no relief could be

granted under any set of facts consistent with the allegations in the complaint." *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.,* 140 F.3d 478, 483 (3d Cir. 1998).

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The Court may also consider "undisputedly authentic" documents where the plaintiff's claims are based on the documents and the defendant has attached a copy of the document to the motion to dismiss. *Id.* The Court need not assume that the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. West Penn Power Co.*, 147 F.3d 256, 263 (3d Cir. 1998), nor credit a complaint's "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997).

When considering a Rule 12(b)(6) motion, the Court's role is limited to determining whether the plaintiff is entitled to offer evidence in support of the claims. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). The Court does not consider whether the plaintiff will ultimately prevail. *See id.* In order to survive a motion to dismiss, the plaintiff must set forth information from which each element of a claim may be inferred. *See Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). The defendant bears the burden of establishing that the plaintiff's complaint fails to state a claim upon which relief can be granted. *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

**DISCUSSION**

**I.    First Amendment Retaliation**

There are three elements to a First Amendment retaliation claim: (1) that plaintiff

engaged in constitutionally protected activity; (2) that the government responded with retaliation; and (3) that the protected activity caused the retaliation. *See Eichenlaub v. Township of Indiana*, 385 F.3d 274, 282 (3d Cir. 2005).

With respect to the first element, Plaintiffs allege that Pribula prosecuted a lawsuit against the School District and succeeded, and that all Plaintiffs engaged in political activity in opposing the Individual Defendants in their campaigns for School Board. As to the second element, Plaintiffs allege that they were retaliated against by, among other things, being given harmful, misleading and inaccurate employment reviews, altering their work schedules, and being given demeaning duty assignments. Plaintiff Zarra alleges that he was constructively discharged. All Plaintiffs allege they were deprived of contractual entitlements. As to the third element, Plaintiffs allege that their protected activity was the cause of the retaliation.

On the basis of these allegations, the Court concludes that Plaintiffs have stated a claim of First Amendment retaliation.[1] Accordingly, the Court will deny Defendants' motion to dismiss with respect to this claim.

## II.    Equal Protection – "Class of One" Theory

Plaintiffs seek to state a claim under the "class of one" theory announced in *Village of Willowbrook v. Olech*, 528 U.S. 562 (2000). To state such a claim, "a plaintiff must allege that (1) the defendant treated him differently from others similarly situated, (2) the defendant did so intentionally, and (3) there was no rational basis for the

---

[1] The Court withholds a decision as to whether a person of ordinary firmness would be deterred from exercising his First Amendment rights by these retaliatory acts because this issue was not briefed by the parties.

difference in treatment." *Hill v. Borough of Kutztown*, 455 F.3d 225, 239 (3d Cir. 2006).

Plaintiffs' claims fail because, while they conclusorily allege that they were treated differently than others similarly situated, they do not identify any of those other similarly situated individuals who were treated differently. *See id.* (affirming dismissal of equal protection "class of one" claim because plaintiff did not allege in complaint the existence of similarly situated individuals who were treated differently); *see also Levenstein v. Salafsky*, 414 F.3d 767, 776 (7th Cir. 2005) (affirming grant of judgment for defendant on equal protection "class of one" claim brought by a professor who alleged that he had been constructively discharged because the professor failed to identify another similarly situated individual who had been treated differently).  Here, the only individuals mentioned in Plaintiffs' Complaint are themselves, all of whom were treated the same by the Defendants.  Accordingly, Plaintiffs' "class of one" equal protection claim will be dismissed.

### III.     42 U.S.C. § 1985(3) Conspiracy

Under section 1985(3), a conspiracy is actionable if formed "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws." 42 U.S.C. § 1985(3).  A section 1985(3) claimant must allege "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action" in order to state a claim. *Farber v. City of Paterson*, 440 F.3d 131, 135 (3d Cir. 2006).  The United States Court of Appeals has explicitly held that discrimination based on "political affiliation does not qualify" as invidious. *Id.* at 142.  Because the only discrimination alleged by Plaintiffs is that based on political affiliation, Plaintiffs have failed to establish the requisite invidious discrimination.  Consequently, the Court will dismiss this claim.

**IV.     Municipal Liability Based on a Policy, Custom or Practice**

In order to subject the School District to section 1983 liability based upon Plaintiffs' First Amendment retaliation, Plaintiffs are required to state a claim for municipal liability pursuant to the standard set forth in *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978).  In order to impose section 1983 liability upon a local governmental entity, a plaintiff must identify a municipal policy, custom or practice that caused the violation of the plaintiff's constitutional rights. *Id.* at 694.  "Congress did not intend to impose liability on a municipality unless *deliberate* action attributable to the municipality itself is the 'moving force' behind the plaintiff's deprivation of federal rights." *Board of County Commissioners of Bryan County, OK v. Brown*, 520 U.S. 397, 400 (1997) (emphasis in original).  Thus, a municipality cannot be held liable under a theory of respondeat superior. *Id.* at 403.

"Policy is made when a 'decisionmaker possess[ing] final authority to establish municipal policy with respect to the action' issues an official proclamation, policy, or edict." *Beck v. City of Pittsburgh*, 89 F.3d 966, 971 (3d Cir. 1996).  "A course of conduct is considered to be a 'custom' when, though not authorized by law, 'such practices of state officials [are] so permanent and well settled' as to virtually constitute law." *Monell*, 436 U.S. at 691-92.  A single decision by a policymaking government official can constitute an unconstitutional government policy. *City of St. Louis v. Praprotnik*, 485 U.S. 112, 123 (1988).  Whether someone is a policymaking official is a question of state law. *Id.* at 124.

Here, Plaintiffs allege that the Individual Defendants are members of the School Board.  Defendant Bernardi is the superintendent of the School District.  Under 24 P.S. §§ 5-508, 5-514, 10-1081, and 11-1123, the School Board and superintendent are final

policymakers with respect to a variety of personnel decisions. *See McGreevy v. Stroup*, 413 F.3d 359, 368-69 (3d Cir. 2005). As such, their allegedly retaliatory actions could constitute an unconstitutional municipal policy. Consequently, the Court will not dismiss Plaintiffs' First Amendment retaliation claim against the School District.

**V.     State Law Tort Claims – Defamation, Intentional Infliction of Emotional Distress, Civil Conspiracy and Intentional Interference with Contractual Relations**

    **A.     The School District and Individual Defendants in their Official Capacities**

Under the Political Subdivision Tort Claims Act, 42 PA. CONS. STAT. ANN. § 8541 *et seq*. ("PSTCA"), municipal defendants are granted broad immunity against suits based on intentional conduct. *Weaver v. Franklin County*, 918 A.2d 194, 200 (Pa. Commw. Ct. 2007) (dismissing state law claims for civil conspiracy, intentional infliction of emotional distress and libel because they were intentional torts). Section 8541 provides that "no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person." 42 PA. CONS. STAT. ANN. § 8541. A "local agency" is "[a] government unit other than the Commonwealth government." 42 PA. CONS. STAT. ANN. § 8501. Suits against municipal employees acting in their official capacities are treated as claims against the municipal entities that employ these individuals. *Walker v. North Wales Borough*, 395 F. Supp. 2d 219, 230 (E.D. Pa. 2005).

Here, even if Plaintiffs sufficiently pleaded their state law tort claims, they are intentional acts for which Defendants are immune under the PSTCA. Accordingly, the School District and Individual Defendants, in their official capacities are immune from suit. Plaintiffs' state law tort claims will thus be dismissed.

### B.    The Individual Defendants in their Individual Capacities

Plaintiffs correctly argue that, under the PSTCA, there is no immunity from suit in their individual capacities for municipal officials who cause injury through "a crime, actual fraud, actual malice or willful misconduct. 42 PA. CONS. STAT. ANN. § 8501.  Plaintiffs do allege that the Individual Defendants committed willful misconduct.  As such, the PSTCA does not bar Plaintiffs' claims against the Individual Defendants in their individual capacities.

Plaintiffs' claims are nevertheless barred by the doctrine of high public official immunity.  "School Board members [and superintendents], entrusted with a policymaking role for the School District, are high public officials entitled to absolute immunity from state law suits when acting in their official capacities." *Zugarek v. Southern Tioga School District*, 214 F. Supp. 2d 468, 479 (M.D. Pa. 2002).  As such, they are absolutely immune from state law civil liability even when willful misconduct is alleged. *Lindner v. Mollan,* 677 A.2d 1194, 1195-96 (Pa. 1996).  Accordingly, Plaintiffs' state law tort claims will be dismissed against the Individual Defendants in their individual capacities.

## VI.    Punitive Damages

Punitive damages against municipalities are not allowed under section 1983. *Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981).  A suit against municipal employees in their official capacities is the functional equivalent of a suit against the municipality itself. *Walker*, 395 F. Supp. 2d at 230.   Accordingly, the Court will dismiss the demand for punitive damages as it pertains to the School District and the Individual Defendants in their official capacities.

Punitive damages claims against the Individual Defendants in their individual capacities are viable under section 1983. *Smith v. Wade*, 461 U.S. 30, 56 (1983).

Accordingly, at this time the Court will not dismiss Plaintiffs' claims for punitive damages against the Individual Defendants in their individual capacities.

## CONCLUSION

For the reasons stated above, the Court will grant Defendants' motion to dismiss (Doc. 7) as to all claims except Plaintiffs' First Amendment retaliation claim brought pursuant to section 1983. This claim may be maintained against: (1) the Individual Defendants; and (2) the School District pursuant to the theory announced in *Monell*. Further, Plaintiffs may maintain their claim for punitive damages against the Individual Defendants in their individual capacities.

An appropriate Order follows.


 July 16, 2007                                                                    /s/ A. Richard Caputo
Date                                                                                     A. Richard Caputo
                                                                                              United States District Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| PATRICK J. PRIBULA, ROBERT MICHELETTI and JAMES G. ZARRA,<br><br>    Plaintiffs,<br><br>        v.<br><br>WYOMING AREA SCHOOL DISTRICT, et al.,<br><br>    Defendants. | CIVIL ACTION NO. 3:06-CV-2039<br><br>(JUDGE CAPUTO) |

## **ORDER**

**NOW**, this __16th__ day of July, 2007, **IT IS HEREBY ORDERED** that Defendants Wyoming Area School District, Raymond Bernardi, Anthony Sobeski, Antoinette Valenti, John Lanunziata, Nick DeAngelo, John Bolin, Jerry Wall and John Marianacci's Motion to Dismiss (Doc. 7) is **GRANTED** as to all claims except: (1) Plaintiffs' First Amendment retaliation claim against the School District; (2) Plaintiffs' First Amendment retaliation claim against the Individual Defendants; and (3) Plaintiffs' claim for punitive damages against the Individual Defendants in their individual capacities.

      /s/ A. Richard Caputo
      A. Richard Caputo
      United States District Judge